**Lewis RUBIN and Cynthia Gubin, Appellants,**

v.

**The BOATMEN'S NATIONAL BANK OF ST. LOUIS, Respondent.**

**No. 58687.**

Missouri Court of Appeals, Eastern District, Division Two.

July 9, 1991.

Judith Kleinberg, Bertram Cooper, Rochelle Ann Kaskowitz, St. Louis, for appellants.

Joseph E. Martineau, Ronald A. Norwood, St. Louis, for respondent.

CRIST, Judge.

Appellants (plaintiffs) appeal from a jury verdict finding for respondent Boatmen's National Bank on plaintiffs' claim that bank unlawfully set off an amount due bank on a note of plaintiff Rubin against plaintiffs' joint Certificate of Deposit. Plaintiffs also appeal the grant of bank's summary judgment motion on Count IV, a breach of contract allegation. We affirm.

In 1975, plaintiffs Lewis Rubin and Cynthia Gubin, father and daughter, purchased a certificate of deposit in the amount of $100,000 from Baden Bank. During the time plaintiffs held the CD, Baden Bank was succeeded by General Bank, and General Bank was subsequently acquired by Boatmen's Bank. Boatmen's is a survivor and successor to rights and liabilities of General Bank. The parties agree that the account was a joint tenancy with right of survivorship. The CD and all accumulated interest was renewed every six months, and in June 1985 there was a balance in the account of $262,999.61.

On or about June 17, 1985, bank utilized $173,135.24 of the CD to offset a debt owed the bank by Lewis Rubin and Gordon Gubin, doing business as Rubin Iron & Metal Company and Lewis Rubin and Gordon Gubin, individually. Gordon Gubin had become a partner in Rubin Iron & Metal in 1977 and was plaintiff Cynthia Gubin's husband. Cynthia Gubin was not a partner or owner of Rubin Iron & Metal Company, and the parties agreed that she was not an obligor on the note offset by the bank. She did not pledge the CD to secure the loan, nor did she consent to the setoff or to anyone else pledging the CD to the bank.

The evidence regarding the ownership of the funds in the CD as between the two parties came entirely from the testimony of plaintiffs Rubin and Gubin. At trial, plaintiffs testified that plaintiff Gubin worked at the company for her father essentially full-time from 1972 to 1977. She performed bookkeeping services, paid bills, answered the phone, and sometimes stayed late. Plaintiffs testified this work performed contributed to the funds deposited in the CD. However, Cynthia Gubin also testified at trial that her father could do whatever he wanted with the money in the CD, and she would have no objection. In deposition testimony which was admitted into evidence at trial, both plaintiffs stated that the money which was used to purchase the CD was Lewis Rubin's. Rubin further testified that Cynthia Gubin's name was

put on the CD as an estate planning measure.

Several times prior to the setoff of this money against the partnership debt, the bank requested that Lewis Rubin pledge the CD in return for a lower interest rate on the note, but Rubin always refused. However, the terms of the note gave the bank a right to offset any funds held by the debtors against their indebtedness.

Plaintiffs initially claim instructional error. At the instruction conference, plaintiffs submitted Instruction 7, under which the jury was to return a verdict for plaintiffs if they found bank had wrongfully appropriated the CD by offsetting the funds. Bank objected to this instruction because it did not permit separate verdicts recognizing the interest of each plaintiff in the CD. The objection was overruled. Bank then submitted the complained of Instruction 9. This instructed the jury to find for defendant if plaintiff Rubin consented to the setoff. Plaintiffs made only a general objection to Instruction 9. Bank also tendered an Instruction which provided:

> Your verdict must be for defendant on plaintiffs' conversion claims if you believe that plaintiff Lewis Rubin was the sole source of the monies used to purchase the Certificate of Deposit.

Plaintiffs objected to this instruction, and it was refused.

Plaintiffs' contention is that giving Instruction 9 caused prejudicial error because the jury was not required to find either that Cynthia Gubin consented to the bank's setoff, or that Cynthia had no rights in the CD. They argue that this was prejudicial error because one of these two findings was necessary to the affirmative defense of consent to the conversion. Plaintiffs' counsel neither submitted an alternative instruction to Instruction 9, nor requested any modifications to the instruction. Plaintiffs first raised this assertion of error in their motion for a new trial.

■ We agree that the instruction should have required either a finding of plaintiff Gubin's consent or a finding of ownership of the funds as between the two

parties. *See Greenwood v. Bank of Illmo*, 782 S.W.2d 783 (Mo.App.1989). However, we find no prejudice for several reasons. First, plaintiffs objected to the instruction proffered by bank which would have avoided the problem they now assert. They objected to bank's request for separate verdict directing instructions. They also sought to preclude bank from presenting evidence as to the parties' differing interests in the CD from the beginning of the trial. Second, while plaintiff Gubin may have contributed to the earning of the funds deposited through her work at the company, the evidence shows that there is no question but that plaintiff Rubin contributed all the funds. Under Missouri law, Rubin could have divested Gubin of any ownership interest in the account because of that fact. *See Carroll v. Hahn*, 498 S.W.2d 602, 607 (Mo.App.1973). Third, plaintiffs failed to specifically object to the instruction, and failed to tender alternative instructions. Although specific objections to instructions at trial may not be required to preserve claims of error, Rule 70.03, failure to raise the issue may be considered in determining whether an erroneous instruction is prejudicial. *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 321[7] (Mo.App.1991).

Plaintiffs cannot complain of error where they actively sought to preclude bank from presenting evidence regarding plaintiffs' differing interests in the CD, objected to bank's request for separate verdict instructions, and failed to offer any alternative to the instruction about which they now complain. We note the jury also found in favor of bank on three other counts which plaintiffs did not appeal. Point denied.

■ Plaintiffs also complain about the sustentation of the summary judgment motion on Count IV. Count IV asserted bank breached an implied agreement to allow early redemption of the CD if there were sufficient funds at the bank to cover the withdrawal. The express terms of the CD gave bank the unfettered right to refuse early redemption of the CD. In Count IV, plaintiffs attempted to alter by parol evidence the express written agreement be-

tween the parties. Such oral contract claims were in clear derogation of the parol evidence rule, and summary judgment was properly entered. *Centerre Bank of Kansas City v. Distributors, Inc.*, 705 S.W.2d 42, 51–52 (Mo.App.1985).

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.