WATLOW ELECTRIC MANUFACTUR-
ING COMPANY, a Missouri corpora-
tion, and Pacific Heater Corporation, a
Missouri corporation, Plaintiffs/Respon-
dents,

v.

John WROB, Intervenor/Appellant.

No. 65039.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 9, 1994.

Stephen M. Hereford, Hereford, Britt,
Johnson & Allen, Clayton, for appellant.

Edward M. Goldenhersh, Angela B. Des-
loge, Greensfelder, Hemker, & Gale, P.C., St.
Louis, for respondent.

SMITH, Presiding Judge.

Intervenor, John Wrob, appeals the trial
court's judgment that an account bearing
both his name and that of his brother, Ron-
ald M. Wrob, Jr. (Mike Wrob), could be
properly attached through garnishment by
plaintiffs, Watlow Electric Manufacturing

Company and Pacific Heater Corporation. We reverse and remand.

The present action arose out of previous litigation involving Mike Wrob and plaintiffs. Plaintiffs were awarded attorney's fees against Mike Wrob. Plaintiffs sought to collect this award of attorney's fees through garnishment. This garnishment was directed to Heartland Savings Bank which had issued a certificate of deposit on November 11, 1990, in the names of Mike and John Wrob with an opening balance of $8,103.37. Pursuant to a pay-in order, Heartland paid the current value of the certificate, $9,441.82, into the court's registry.

John Wrob filed his Verified Petition in Interpleader alleging that the amount in the account at Heartland was his sole property which could not be attached to satisfy a debt owed by Mike Wrob. A hearing was held.

An employee of Heartland testified that account number 0213015896 was opened in the name of Mike Wrob and John Wrob, and that a CD, number 672929, was purchased with the proceeds from that account. The account was opened by Mike Wrob with a personal check in the amount of $8,103.37. The account and CD each bore Mike Wrob's Social Security number as the "Tax I.D. #". For 1991 and 1992, 1099 forms showing interest income were issued to Mike Wrob. A temporary signature card was signed only by Mike Wrob. No withdrawals were made from the account. Testimony showed that Mike Wrob reported income interest on the account in question in the amount of $646.00 on his 1991 tax return and expected to report interest income in the amount of $700.04 on his 1992 tax form. Because of losses he owed no taxes in either year.

John Wrob offered the testimony of family members in support of his claim. This testimony indicated the following. Albert Wrob, John and Mike Wrob's grandfather, died in April of 1990. Prior to his death, Albert had created a number of CD's in the names of himself and his grandchildren. These CD's were in varying amounts. The grandchildren, upon Albert's death, decided to cash in all the CD's and split the money evenly. Mike Wrob was in control of the money as it was pooled. He then wrote checks to each

grandchild. Each grandchild's share was $8,103.37. Since John Wrob was a minor at the time of this distribution, the family decided that his share would be put into an account bearing both his and Mike Wrob's name and would become available to him when he reached 21. John Wrob has not received any other money from his grandfather's estate.

In its Order, the trial court determined that the Heartland account had been properly attached by garnishment and is now the property of plaintiffs. The trial court, in making this holding, also decided the account opened at Heartland was, pursuant to § 362.-470 RSMo (1986), a joint account. The trial court further determined that since the account was a joint account the bank was required to honor a garnishment served upon it naming either joint tenant as a judgment debtor. John Wrob filed the present appeal claiming the trial court erred in holding that the Heartland account could be properly attached by plaintiffs.

■ The trial court's Order must be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) [1–3]. An appellate court may only set aside a judgment if it has a firm belief that the decree of the trial court is wrong. *Community Title Co. v. Roosevelt Federal Savings and Loan Association*, 670 S.W.2d 895 (Mo.App.1984) [3, 4].

■ The essence of Intervenor's argument is that the trial court incorrectly stated, in its Order, that because "the bank would have to honor a demand for payment in this case by either Michael or John Wrob the bank is required to honor a garnishment served upon it naming either of them as judgment debtor". Intervenor contends, and we agree, that the creditor of one joint tenant of a joint bank account, that tenant having no financial investment in the account, may not invade it to collect his judgment. *Nieman v. First National Bank of Joplin*, 420 S.W.2d 20 (Mo. App.1967) [3].

■ This determination rests on the trend followed in modern opinions which places increased emphasis on the actual ownership of funds in a joint account. *Id.* (quoting Annotation, *Joint Bank Account as Subject to Attachment,* 11 A.L.R.3d 1465, 1470.) Recent Missouri cases also stress the actual ownership of the funds in a joint account in holding that the joint tenant who contributes all the funds to a CD or which are found in the account may terminate the interest of non-contributing joint tenants. *Rubin v. Boatmen's National Bank of St. Louis,* 811 S.W.2d 494 (Mo.App.1991) [1–3]; *Home Sav. Association of Kansas City v. Bratton,* 721 S.W.2d 40 (Mo.App.1986) [4]. Therefore, plaintiffs could not attach the funds in the Heartland joint account, as judgment creditors of Mike Wrob, if Mike Wrob did not contribute any of the funds in the account.

The result in this case, then, rests on the determination of two issues: 1) whether the account was in fact a joint account; and 2) whether John Wrob contributed all of the funds to the account.

The court made the following findings:
"4. The money which was the source of this account came from a share of the estate of Al. W. Wrob, grandfather of both Michael and John Wrob. Michael, the individual handling the assets of Grandfather Wrob's estate, took this money and deposited John's share in this account because he thought he could not give it to John who was a minor at the time. *Even if the Court found this to be true, and assuming for the moment that it is true,* the account in issue was established as a *"joint account."* It was not denominated in any one of the various other ways to establish an account for a minor, i.e. "Uniform Give (sic) to Minors Act" or a "Trust Account."
"5. Section 362.470 RSMo (1986) establishes the rules for the making of the account and the handling thereafter. Under that section *this account is one of joint tenants.* The account may be paid to any one of the persons named thereon during his lifetime ..." (Emphasis supplied).

■ Plaintiffs argue the trial court's determination that the account was a joint account is erroneous. The trial court determined the account to be a joint account under § 362.470 RSMo (1986). This statute states in pertinent part:

"When a deposit is made by any person in the name of the depositor and any one or more other persons, whether minor or adult, as joint tenants or in form to be paid to any one or more of them, or the survivor or survivors of them and whether or not the names are stated in the conjunctive or the disjunctive or otherwise, the deposit thereupon and any additions thereto made by any of these persons, upon the making thereof, shall become the property of these persons as joint tenants ..."

§ 362.470.1 RSMo (1986).

Plaintiffs' Exhibit 4 shows that the account title was Michael Wrob or John Wrob. Also on this exhibit under the heading "Account Ownership", the box next to joint account was checked. The reverse side of this document states:

*Joint Accounts:* If the joint account box on the reverse side hereof is checked, the signers on the reverse side agree that all sums now on deposit or hereafter deposited in or to this account shall be owned by them as joint tenants with right of survivorship and not as tenants in common ...

We do not regard it as remarkable that John's signature did not appear on the signature card. The purpose of creating the account was explained by the family to keep John from having access to it prior to reaching 21. The absence of his signature does not, as plaintiffs contend, preclude a finding that the account was joint. We cannot say that there is no substantial evidence to support the trial court's determination that the account was a joint account or that such a determination is against the weight of the evidence. *Murphy v. Carron, supra.* We, therefore, find no error in the trial court's determination that the account was a joint account.

■ The court's finding on whether the funds were John's is unclear. It found that "even if the court found this to be true, and assuming for the moment that it is true ..." We can only conclude that the court made no definitive finding of whether the money was

or was not John's. John's evidence, if believed, would support a finding that it was. Plaintiff's evidence could support an inference that it was not. The trial court based its decision on an erroneous conclusion of law which made it unnecessary to reach what is clearly the critical fact issue in this case. We therefore remand for the trial court's determination of that fact. If it determines the money was John's, the garnishment should be quashed. If it determines the money was Mike's, judgment should be for plaintiffs.

Judgment reversed and cause remanded.

PUDLOWSKI and WHITE, JJ., concur.