Larry FARRELL, Appellant,

v.

Karen COULTER and Roosevelt Bank, Respondents.

No. 66465.

Missouri Court of Appeals, Eastern District, Division Two.

May 23, 1995.

John Bleckman, St. Louis, for appellant.

Corrine R. Coston, James E. Robertson, Clayton, for respondents.

SMITH, Presiding Judge.

In 1992 Larry Farrell obtained a judgment for $3911.18 against Karen Coulter. In February 1994 he served a writ of garnishment upon Roosevelt Bank. Coulter filed a motion

to quash the garnishment which was granted. Farrell appeals. We reverse.

There were four Roosevelt bank accounts bearing Coulter's name. Each was titled "Karen C. Coulter, as Trustee for [first name] Coulter", her minor children. Coulter contended that she did not personally own the funds in these accounts. In response to request for admissions Coulter admitted that she was the settlor of each of the accounts, each account is revocable, and she had named herself trustee on each account. Garnishee, in answer to interrogatories, stated that it was without information sufficient to form a belief as to debtor's interest in these four accounts, and therefore denied that it was indebted to Coulter.

■■■ The status of an account such as those before us is stated in *First National Bank of Mexico v. Munns*, 602 S.W.2d 910 (Mo.App.1980)[1] *quoting from In re Totten*, 179 N.Y. 112, 71 N.E. 748, 752 (1904) as:

> A deposit by one person of his own money in his own name *as trustee for another*, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime ... (emphasis supplied.)

Such a trust is a Totten trust. *Id.* It is essentially a device for testamentary disposition of an estate or portion of an estate. Because it is fully revocable by the settlor such a trust divests no interest from the settlor and the funds remain fully under his control at all times. The funds are therefore reachable by creditors of the settlor. Comment (d) to Section 58 of Restatement (Second) of Trusts states:

> Although creditors of the settlor cannot reach the trust property merely because he has reserved a power of revocation ... creditors of a person who makes a savings deposit upon a tentative trust can reach his interest, since he has such extensive powers over the deposit as to justify treating him as in substance the unrestricted owner of the deposit.

Missouri courts have relied on § 58 of Restatement to interpret the Totten trust doctrine on other occasions. *National Bank of Mexico v. Munns*, *supra* at [5, 6]; *Blue Valley Federal Savings and Loan Association v. Burrus*, 617 S.W.2d 111 (Mo.App. 1981)[1]. Courts in other jurisdictions have held that creditors may garnish the funds of settlor/trustee of a revocable savings trust account. *Soto v. First Gibraltar Bank, FSB San Antonio*, 868 S.W.2d 400 (Tex.App.1993) (collecting cases).

■■■ Coulter was trustee of the accounts and admitted that she was the "settlor" of the trusts. "One who furnishes the consideration for the creation of a trust, though in form the trust is created by another" is a settlor. *Black's Law Dictionary* 1231 (5th ed. 1979); Bogert, *The Law of Trusts and Trustees* § 41 (2d ed. revised 1984). By admitting that she was the settlor, Coulter admitted that the funds were hers.

■■■ Coulter contends that the deposits were not Totten trusts but were intended to be custodial accounts for her children for the same purpose as trusts established under the Missouri Transfers to Minors Law, § 404.005 *et seq.* Sec. 404.047(2) RSMo 1994 provides the method by which transfers of money to a custodian for a minor shall be made. When that method is followed the transfers become irrevocable and indefeasibly vest ownership of the property in the minor subject to the custodianship. § 404.014. Future transfers contained in a trust remain revocable until the property becomes transferable pursuant to the trust or unless originally made irrevocable. § 404.016. The accounts here were not created in accordance with the provisions of § 404.047(2). They did not therefore become irrevocable and were subject to the control of Coulter. In short they remained her funds and were subject to garnishment for her debts.

Coulter asserts that *Watlow Electric Manufacturing Co. v. Wrob*, 881 S.W.2d 650 (Mo. App.1994) requires the court to determine in each case the intent of the depositor in creating the trust. *Wrob* involved a joint account and the question was who contributed the funds creating the account to determine whether the funds could be garnished for the debt of one of the joint tenants. We are not

dealing with a joint account here. As settlor and trustee of a revocable trust the funds are Coulter's and *Wrob* has no applicability.

The judgment granting Coulter's motion to quash is reversed and the cause remanded for further proceedings. Roosevelt Bank's motion for costs and allowances is denied.

PUDLOWSKI and WHITE, JJ., concur.