WATLOW ELECTRIC
MANUFACTURING COMPANY,
Respondent,

v.

Ronald M. WROB, Jr., and H.E.A.T.,
Inc., Appellants,

Heartland Savings Bank, Garnishee,

John Wrob, Intervenor/Appellant.

No. 67083.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 20, 1995.

**952**

Stephen M. Hereford, Hereford, Britt, Johnson & Allen, Clayton, for appellants.

Edward M. Goldenhersh, Angela B. Desloge, Greensfelder, Hemker & Gale, P.C., St. Louis, for respondent.

KAROHL, Judge.

In a garnishment proceeding, John T. Wrob, intervened to prove the joint account with garnishee, Heartland Savings Bank, was his asset and not that of Ronald Michael Wrob a/k/a Mike Wrob. Watlow Electric Manufacturing Company (Watlow Electric) filed the garnishment in order to collect on a judgment against Mike Wrob. The trial court found the account belonged to Mike Wrob and it was subject to a garnishment against him. As intervenor, John T. Wrob, appeals the resulting judgment for garnishor, Watlow Electric.

The bank account in question originated as a certificate of deposit in the names of Ronald Michael Wrob and John T. Wrob. At the time of the garnishment proceeding, the amount of the account was $9,441.82. Watlow Electric filed a garnishment against the account to satisfy a judgment against Mike Wrob. John T. Wrob intervened and asserted the account represented his share of his grandfather's estate. The trial court found the account was properly attached as an asset of Mike Wrob and should be paid to Watlow Electric.

In *Watlow Electric Mfg. Co. v. Wrob*, 881 S.W.2d 650 (Mo.App.E.D.1994), this court affirmed in part, reversed in part. We found no error in the trial court's decision that the account was a joint account. However, we remanded for a determination of whether John T. Wrob contributed the funds which purchased the certificate of deposit and was therefore the owner of the account. If not, then the account belonged to judgment debtor, Mike Wrob.

After remand and without further hearing, the trial court entered an order finding the money in the account was the property of John T. Wrob. It based this finding "on the weight of the family's testimony that the source of the funds used to establish the account came from John's grandfather Albert Wrob and that this sum was John's share of his estate." Watlow Electric filed a motion to amend the judgment, or in the alternative, for a rehearing. After a hearing on the motion, the trial court issued an amended order finding Mike Wrob contributed the funds in the account and the funds were properly subject to garnishment by Watlow Electric. We have no record to determine why the amended judgment is a reverse of the first.

John T. Wrob's point on appeal is the trial court erred in determining Mike Wrob, as the contributor to the account, was the owner of the account. He notes this court ordered the trial court to determine ownership of the account. He contends this court used the words owner and contributor synonymously in our remand, thus leading to confusion and an erroneous decision.

This court remanded the case for a factual determination of whether John T. Wrob contributed all of the funds to the account. We cited two cases that hold the owner of a joint account is the individual who contributes all of the funds to the account. *Rubin v. Boatmen's National Bank of St. Louis*, 811 S.W.2d 494 (Mo.App.1991); *Home Savings Association of Kansas City v. Bratton*, 721 S.W.2d 40 (Mo.App.1986).

The trial court ultimately found Mike Wrob contributed all of the funds to the account. It concluded Mike Wrob was the owner of the account and the account was subject to garnishment. It found the following: (1) Mike Wrob opened the account at Heartland with a check drawn from his personal account at Pacific National Bank; (2)

the account listed only Mike Wrob's social security number; (3) at the time the account was opened, John T. Wrob had his own social security number; (4) Mike Wrob signed a temporary signature card; (5) John T. Wrob never signed a signature card; (6) Federal 1099 forms for the account were issued only in the name of Mike Wrob; (7) Mike Wrob reported or intended to report all interest earned on the account on his 1991 and 1992 income tax returns; (8) Mike Wrob was at all times in physical possession of the account book; (9) the grandfather of Mike Wrob and John T. Wrob did not leave a will which divided any money equally among his grandchildren; and, (10) the evidence was insufficient to establish anyone other than Mike Wrob contributed to the account.

■ In reviewing a court-tried case, we will sustain the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ On remand and following a hearing, the trial court examined the facts and determined Mike Wrob was the sole contributor to the account. The judgment was supported by the evidence. It followed the law and our previous mandate. The funds in the account were subject to garnishment as the property of judgment debtor.

We affirm.

AHRENS, P.J., and SIMON, J., concur.