**In re Otillo Pongan DELAROSA, Lisa Gaye Delarosa, Debtors.**

**No. 00–60168.**

United States Bankruptcy Court, W.D. Missouri.

June 20, 2000.

---

Fred C. Moon, Springfield, MO, for Trustee.

Kenneth P. Reynolds, Inc., Springfield, MO, for Defendant.

### MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 7 trustee filed a motion to compel the debtors Otillo and Lisa Dela-Rosa to turn over two United States Savings Bonds (the Bonds) with a total face value of $2,200.00. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will Order the DelaRosas to turn over the Bonds.

### FACTUAL BACKGROUND

Mr. and Ms. DelaRosa are the parents of two children named Nickolas and Michael, aged 14 and 10 respectively. On February 9, 2000, the DelaRosas filed this Chapter 7 bankruptcy petition. At the time of filing they had in their possession two Bonds with a face value of $2,200.00. The DelaRosas disclosed the Bonds on Schedule "B" of their bankruptcy schedules. As part of that disclosure, they stated that the bonds were purchased by Ms. DelaRosa's mother for the benefit of Nickolas and Michael. The DelaRosas also disclosed that the bonds are made payable to Otillo and Lisa DelaRosa, and not to Nickolas and Michael.

The trustee requested that the DelaRosas turn over the Bonds, claiming they are an asset of the estate pursuant to section 541 of the Bankruptcy Code (the Code). When the DelaRosas refused, he filed this

motion. On June 6, 2000, this Court held a hearing on the motion to compel turnover. At the hearing counsel for the DelaRosas admitted that the Bonds are held only in the names of Otillo and Lisa Dela-Rosa. He also stated that the DelaRosas have held the Bonds for the benefit of Nickolas and Michael for over ten years. Ms. DelaRosa stated that she did not even remember she had the Bonds in her possession, as she thinks of them as property of her children.

The trustee argues that as long as the Bonds were the non-exempt legal property of the DelaRosas at the time they filed this petition, they are property of the estate. He also argued that the DelaRosas did not comply with the Missouri Uniform Transfer to Minors Act (the MUTMA), and such compliance was essential if they wish to hold the Bonds for the benefit of their children.

## DISCUSSION

Section 541 of the Code provides that the bankruptcy estate is comprised of all property in which the debtors have a legal or equitable interest.[1] Since the Bonds are only in Otillo and Lisa's names, and not Nickolas and Michael's names, only Otillo and Lisa have a legal interest in the Bonds. The Bonds are, therefore, within their total dominion and control.[2] As such, the Bonds are an asset of the bankruptcy estate.

Alternatively, the DelaRosas could have transferred their legal interest in the Bonds by following the procedures set forth in the MUTMA. The MUTMA allows property to be transferred to a minor by transferring the property to a custodian for the minor as provided by statute:

Property may be transferred to a person, who is a minor on the date of the transfer, by transferring the property to a custodian for the minor under sections 404.005 to 404.094.[3]

The establishment of an account as provided by the statute establishes the gift without further evidence.[4] Once the property is transferred to a custodian for the benefit of the minor, ownership of the property is irrevocably vested in the minor, and the transferor has no control over the property:

A present transfer of property to a custodian for a minor, made by a transferor in the manner prescribed in subdivisions (1), (2), (3) and (5) of subsection 1 of section 404.047, is irrevocable and indefeasibly vests ownership of the property in the minor subject to the custodianship provided in section 404.05 to 404.094 for the benefit of the minor, and neither the minor nor the minor's legal representative has any right, power, duty or authority with respect to the custodial property except as prescribed in sections 404.005 to 404.094.[5]

Moreover, if the property transferred is money, or Bonds as in this case, the Bonds must be delivered to a broker or financial institution to the account of the person designated as the custodian:

The designation of a custodian and transfer of property to the custodian shall be made in the following manner:

. . . . .

(2) If the subject of the custodianship is money or an unregistered security, by having it paid or delivered to a broker or financial institution for the account of the person designated custodian followed in substance by the word: "as custodian for . . . . . . . .

1. 11 U.S.C. § 541(a)(1).

2. *Farrell v. Coulter,* 898 S.W.2d 139, 140 (Mo. Ct.App.1995).

3. MO.Stat.Ann. § 404.011 (1990).

4. *Gulmen v. Gulmen,* 913 S.W.2d 852, 855 (Mo.Ct.App.1995).

5. *Id.* at § 404.014.

(name of minor) under the Missouri Transfers to Minors Law."[6]

The DelaRosas offered no evidence that they followed any of the procedures above. In *Farrell v. Coulter*,[7] the debtor argued that bank accounts titled in her name as trustee for her minor children were not subject to garnishment by her creditors.[8] The Court disagreed and held that property held for minors in accounts that are not created in accordance with MUTMA are not irrevocable, thus, they remain in the debtor's control and are subject to the claims of debtor's creditors.[9] The Court found this especially to be true when the account was not a joint account, but held solely in the name of the debtor.[10] That is the case here. The DelaRosas never transferred the Bonds into the names of their children, or held them jointly with their children. They had total control over the Bonds, and could have cashed them at any time without consequence.

Counsel for the DelaRosas argued that this Court should use its equitable powers to find that the Bonds are not property of the estate. He relied on the fact that the DelaRosas have held the Bonds for ten years as proof that the Bonds belong to Nickolas and Michael. Section 105 of the Code allows the Court to issue any Order that is necessary or appropriate to carry out the provisions of the Code.[11] The Court cannot, however, use this broad power to issue an Order that is in direct contradiction of another Code provision.[12] The Code provides specifically that all property in which a debtor has a legal interest is property of the bankruptcy estate. It is undisputed that only the DelaRosas hold legal title to the Bonds. As such, unless the Bonds are exempt, they are property of the estate. This Court has no equitable power to alter another specific section of the Code. The DelaRosas must turn the Bonds over to the trustee.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

6. *Id.* at § 404.047.

7. 898 S.W.2d 139 (Mo.Ct.App.1995).

8. *Id.* at 140.

9. *Id.* at 140–41.

10. *Id.*

11. 11 U.S.C. § 105(a).

12. *Viking Assoc., L.L.C. v. Drewes (In re Olson)*, 120 F.3d 98, 102 (8th Cir.1997) (holding that the Court's powers under section 105 are broad, but not unlimited, therefore, the powers are not a license for a court to disregard the clear language and meaning of the Code).